## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ROOSEVELT HOLLINS, #435032, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-1724-B-BK |
| | § | |
| WILLIAMS STEPHENS, Director | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas

corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge.

For the reasons that follow, it is recommended that the petition be summarily dismissed as barred

by the one-year statute of limitations.

### I. BACKGROUND

In 1986, a jury convicted Petitioner of sexual assault and assessed punishment at forty

years' imprisonment. *State v. Hollins*, No. F-86-89106 (194th Judicial District Court, Dallas

County, 1986). Although the state court of appeals initially reversed the conviction (because the

court reporter had read testimony to the jury that differed from testimony in the electronically

recorded official transcript), the Texas Court of Criminal Appeals remanded, concluding

Petitioner had not preserved the error. *See Hollins v. State*, 734 S.W.2d 194 (Tex. App.-Dallas

1987), *rev'd* 805 S.W.2d 475 (Tex. Crim. App. 1991). The state court of appeals subsequently

affirmed Petitioner's conviction. *Hollins v. State*, No. 05-86-01108-CR, 1991 WL 168601 (Tex.

App.-Dallas Aug. 30, 1991, no pet.).

In 2002, eleven years after his conviction was affirmed, Petitioner filed a motion for DNA testing. However, the trial court denied the motion following a brief hearing because the evidence subject to testing -- a dress stained with seminal fluid -- had been lost and there was no other evidence that could be tested. *See Hollins v. State*, No. 05-03-01411-CR, 2004 WL 1472240 (Tex. App. 2004) (affirming denial of motion for DNA testing under *Anders v. California*, 386 U.S. 738 (1967)). In 2014, Petitioner unsuccessfully filed a state habeas application asserting ineffective assistance of counsel and actual innocence based on the court reporter's incorrect reading of the testimony to the jury. *See Ex parte Hollins*, No. WR-17.722-03 (Tex. Crim. App. Feb. 25, 2015) (denying state application without written order).[1]

On May 19, 2015, Petitioner filed this federal habeas petition, asserting ineffective assistance of trial counsel for his failure to object to the court reporter reading the incorrect testimony at trial. Doc. 4 at 4. As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. Doc. 12. Subsequently, Petitioner filed a motion requesting production of documents from the Dallas County District Attorney and Investigator's Offices related to his 1986 sexual assault conviction, specifically pretrial investigation documents, DNA specimen sample of materials associated with the victim's clothing, and all independent lab testing and reports that were done. Doc. 13 at 1.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court

---

[1] The dates listed were verified through information available on the state court Internet web pages (Dallas County and the Texas Court of Criminal Appeals (TCCA)) and the electronic state habeas record obtained through the TCCA.

may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

Petitioner filed his federal petition well beyond the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Because his conviction became final in 1991, long before the enactment of the AEDPA, Petitioner had a one-year grace period, beginning on April 25, 1996, and ending on April 24, 1997, within which to seek habeas corpus relief.  *Flanagan v. Johnson*, 154 F.3d 196, 199-200 and n. 2, and 202 (5th Cir. 1998) (citing *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998)).  However, he did not file the instant federal petition until May 2015, over 17 years after the one-year grace period had elapsed.[2]  Moreover, Petitioner is not entitled to statutory tolling during the pendency of either his 2002 motion for DNA testing or his 2014 state habeas application because they were filed long after the one-year grace period expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claim, does not base his claim on any new constitutional right, and the facts supporting his claim became or could have become known prior to the date on which his conviction became final.  Likewise,

---

[2] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court liberally construes the federal petition filed on May 14, 2015. [Doc. 3 at 10].

insofar as Petitioner asserts the one-year period began in February 2015, at the conclusion of his state post-conviction proceeding, his assertion is baseless.  Doc. 4 at 3-4.  The AEDPA one-year period commences upon the conclusion of <u>direct review</u> of a judgment of conviction, or upon the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  And though the running of the limitations period is suspended while state post-conviction proceedings are pending in any state court, 28 U.S.C. § 2244(d)(2), as stated previously herein, Petitioner did not seek state habeas review until after the time for filing a federal habeas petition had long since expired.  Therefore, Petitioner's federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

<u>*Equitable Tolling*</u>

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.").  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").  Here, Petitioner waited five years (after the expiration of the one-year grace period) before requesting DNA testing in 2002.  Following the denial of his motion, Petitioner delayed an additional ten years until he finally sought state habeas relief in 2014.  *See Phillips v. Donnelly*, 216 F.3d 508,

511 (5th Cir. 2000) (a habeas petitioner must pursue the habeas "process with diligence and alacrity").  Furthermore, Petitioner's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling.  See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d  390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

In response to the court's order to show cause, Petitioner asserts that he was incarcerated "for 15 years with no case information" following the affirmance of his conviction.  Doc. 12 at 1. He also appears to suggest two specific delays – the first allegedly caused by the Dallas County detective office when it "lost evidence for over fifteen years," and the second caused by the Dallas Public Defender's office when it unsuccessfully sought to mail him correspondence in 2014, regarding his request for DNA testing, which he apparently did not receive. Doc. 12 at 1-2. However, all of Petitioner's assertions are conclusory and, thus, insufficient to establish any circumstance that prevented the timely filing of his federal petition.  *Holland v. Florida*, 560 U.S. at 631, 649 (2010).

Moreover, his allegation of ineffective assistance of counsel (which he claims justify a remand to state court "in the interest of justice" Doc. 4 at 9) has no bearing on equitable tolling because the ineffective assistance he asserts occurred long before the one-year grace period elapsed.  See e.g. *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000) (ineffective assistance of counsel on appeal is not relevant to equitable tolling).  Moreover, Petitioner does not premise his claim of ineffective assistance of counsel on any misrepresentation or misinformation received

from counsel that contributed to the lapse of the one-year statute of limitations.  *Cf. United States*

*v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (attorney's misrepresentations may be grounds for

equitable tolling); *Vineyard v. Dretke,* 125 F. App'x 551, 553 (5th Cir. 2005) (unpublished per

curiam) (equitable tolling is warranted when an attorney affirmatively misinforms his client and

causes him to miss the limitations period).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing

that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th

Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

*Actual Innocence*

Next, Petitioner asserts that he is actually innocent because he was "wrongly convicted."

Doc. 12 at 2.  While a claim of actual innocence may provide "a gateway through which a

petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway

pleas are rare." *McQuiggin v. Perkins*, ⸺ U.S. ⸺, 133 S. Ct. 1924, 1928 (2013).  To meet

the threshold requirement, a petitioner must present new evidence in support of his claim and

"'show that it is more likely than not that no reasonable juror would have convicted him in the

light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner presents no newly-discovered evidence that would undermine this

Court's confidence regarding the state court's findings of guilt.  Doc. 12 at 2.  He merely

requests the Court to "hold Julie Doucet [the assistant public defender who represented him on

the motion for DNA testing] liable" for deliberately withholding information "that would have

cleared [him] from any wrong doings." Doc. 12 at 2.  Even if such a request was cognizable, it

wholly lacks any support in the record.  As the state court of appeals noted, there is no evidence

that can be subjected to DNA testing apart from a dress stained with seminal fluid, which was previously lost.  *See Hollins v. State*, No. 05-03-01411-CR, 2004 WL 1472240 (Tex. App. 2004).

Thus, Petitioner has failed to present a credible claim of actual innocence by producing new evidence that is sufficient to persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 133 S. Ct. at 1928 (quoting Schlup, 513 U.S. at 329).  Accordingly, the "actual innocence" exception is not applicable to this case, and Petitioner's federal petition should be dismissed as time barred.  *See id.* at 1936 (actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.") (quotations and quoted case omitted).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

SIGNED December 3, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE